## MATTHEWS v. TAYLOR.

### Opinion delivered July 9, 1906.

1. ADMINISTRATION—APPOINTMENT OF AUDITOR—PRACTICE.—Kirby's Digest, § 144, regulating the reference of probate accounts to auditors, in providing that the auditors "shall be governed according to the rules laid down for the government of a master in chancery in auditing accounts," did not contemplate that the probate court in such case, or the circuit court on appeal therein, should be turned into a chancery court, or that on appeal to the Supreme Court the trial in the case should be *de novo* as in chancery cases. (Page 577.)

2. APPEAL—CONCLUSIVENESS OF VERDICT OR FINDING.—The only question presented as to the facts on appeal in law cases is whether the evidence is legally sufficient to sustain the verdict or finding. (Page 578.)

Appeal from Columbia Circuit Court; *Charles W. Smith*, Judge; affirmed.

*Stevens & Stevens*, for appellant.

1. The auditor's report is erroneous, and the administrator should be charged in accordance with the statement of the account as viewed by him.

2. When the probate court appoints an auditor, he is governed by the rules laid down for masters in chancery. Kirby's Digest, § § 144, 6326-6341. On appeal, the practice in chancery appeals should apply, and the cause be heard *de novo* and decided according to the weight of evidence.

*A. S. Kilgore* and *C. W. McKay*, for appellee.

HILL, C. J. Q. P. Matthews, the appellant, was appointed

administrator of the estate of John H. Bolger, deceased, and filed an annual account, which was confirmed. He filed a second annual account, which was met by exceptions from the appellee and others, creditors of the Bolger estate. The probate court, pursuant to section 144, Kirby's Digest, referred the account and exceptions to an auditor. The auditor took testimony on the matters in issue, and restated the account, charging the administrator with $1,531.41 as against $614.64, the amount the administrator charged against himself. The auditor also filed a statement of the account as viewed by the administrator under the evidence in accordance with section 6333, Kirby's Digest. According to this statement, the administrator should be charged with $580.65. The administrator excepted to various findings of the auditor, and the exceptions were heard on the evidence adduced before the auditor by the probate court, and the auditor's account was confirmed and entered of record as provided in section 147, Kirby's Digest. The administrator appealed to the circuit court. The case was heard in the circuit court, by agreement, on the account stated by the auditor, the exceptions of the administrator and creditors to that account and the evidence taken before the auditor and reduced to writing under his direction. The circuit court held that the amount found by the auditor was the correct amount, and adjudged accordingly; and the administrator appeals to this court.

The appellant insisted that this cause should be determined as chancery appeals are determined in this court, on the weight of evidence, and not as a mere review of errors as in law appeals.

Section 144, Kirby's Digest, prescribing the reference to an auditor of accounts and exceptions, says: "And such auditor shall be governed according to the rules laid down for the government of a master in chancery in auditing accounts." Subsequent sections assimilate the proceedings to sections 6326-6341, the statutes governing masters in chancery. The argument is made that, as it is expressly provided that the practice shall be governed by the rules laid down for the government of accounts stated by masters in chancery, the appeal from the circuit court should be treated as a chancery appeal, and the trial here be *de novo*.

In considering the nature of appeals in probate matters, Judge Woerner says: "On appeal to a court not of last resort,

the appellate court proceeds as if it had original jurisdiction of the matter brought before it by appeal, which vacates and annuls, for the purposes of such trial, the judgment of the court below. Such appeals, removing a cause from an inferior court to a superior court for the purpose of obtaining trials *de novo,* are unknown to the common law, and can only be prosecuted when expressly given by statute.   *   *   *   It is a settled rule that the issue tried in the appellate court must be the same, and no other, than that which was tried in the court below, and that the appellate court will grant such relief, and such only, as the court below should have given.   It acquires no jurisdiction of a subject-matter by the appeal of which the court appealed from had none; but in matters of practice follows its own rules."   2 Woerner on Administrations, § 550.

It follows from this statement of the status of the appellate tribunal that the circuit court, when exercising its appellate jurisdiction over the probate court, is proceeding as if it had original jurisdiction over the subject-matter, and is empowered to do all things the probate court could do in the matter, and none other than the probate court could do; but that is a question of power, not of practice.   Its practice is its own, shaped, of course, to fit the probate subject.   It does not follow that statutes assimilating probate practice to chancery practice, which doubtless confer like powers on the circuit court on appeal in such matters, turn the circuit court into a chancery court when hearing such appeals.

In *Schuman* v. *Sanderson,* 73 Ark. 187, it was argued that in election contests, where the evidence must be taken by depositions, this court had the same opportunity to weigh the evidence that the circuit judge had, and that no conclusiveness should be attached to his findings as is done in cases where circuit judge or jury hears the witnesses orally.   The court there pointed out the inherent difference between appeals in law and equity cases, and concluded as follows: "These questions for review from law courts are only questions of law, and they must be reviewed and ruled on in the trial court before review here. . There is no trial *de novo* in such cases, as in chancery appeals.   The only question presented in appeals in law cases on the facts is whether the evidence is legally sufficient to sustain the verdict or finding. Therefore the inquiry in this case is merely whether there is in

each instance evidence legally sufficient to sustain the findings, and the finding must be sustained if there is such evidence, notwithstanding a decided preponderance may be against it." Applying this settled rule to the facts of this case, the issue here is narrowed to a review of whether upon each matter presented the evidence is legally sufficient to sustain the finding of the circuit court, irrespective of the weight of evidence upon the point in issue.

It would serve no useful purpose to review the numerous items and accounts in controversy and the evidence bearing thereupon. The court has gone over each item carefully, and weighed the evidence to sustain each finding of the auditor, whose report has been accepted by both probate judge and the circuit judge, and the court fails to find it without legally sufficient evidence to sustain it, and that is as far as the court can go into it, and therefore the judgment is affirmed.